OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Triplex Company, from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Alcoa Building Products ("Alcoa"), to enforce a purported settlement. *Page 2 
 {¶ 2} In December 1987, appellant and defendant-appellee, R.L. Pomante Contractor, Inc. ("Pomante"), entered into a contract whereby Pomante would install "Mastic vinyl siding," a product made by Alcoa, on appellant's building located at 6631 Commerce Parkway, Dublin, Ohio. In March 1990, appellant and Pomante entered into a second contract for siding installation at another building owned by appellant and located at 6543 Commerce Parkway.
 {¶ 3} On June 18, 2003, appellant filed a complaint against Pomante and Alcoa, alleging causes of action for breach of contract, breach of warranty, and breach of implied warranty of fitness. The complaint alleged that, subsequent to the installation of the siding under both contracts, pieces of the siding repeatedly detached from the building. Appellant further alleged that Pomante and Alcoa had refused to remedy the situation or honor the express warranty, thereby breaching the original contract.
 {¶ 4} On September 9, 2003, Alcoa filed an answer and cross-claim against Pomante for indemnification or contribution. On December 10, 2003, Pomante filed an answer and cross-claim against Alcoa. Alcoa subsequently filed a third-party complaint against Ball Enterprises, Inc. ("Ball"). On December 30, 2004, Ball filed a motion for summary judgment as to Alcoa's third-party complaint. On January 14, 2005, appellant and Alcoa both filed cross-motions for summary judgment.
 {¶ 5} On September 29, 2005, the trial court filed an entry denying appellant's motion for summary judgment, granting Alcoa's motion for summary judgment, and granting Ball's motion for summary judgment. Appellant filed an appeal from the trial court's decision, and, inTriplex Co. v. R.L. Pomante Contr., Inc., Franklin App. No. 05AP-1257,2006-Ohio-5942, this court reversed and remanded the matter for further *Page 3 
proceedings. Specifically, this court held that the trial court erred in granting Alcoa's motion for summary judgment as "there exists a genuine issue of material fact as to whether problems with the vinyl siding, at least in the areas in which Mr. Ball and his crew worked, were caused by a manufacturing defect, even in the absence of expert testimony that the product was defective." Id., at ¶ 27.
 {¶ 6} Following this court's remand, the trial court set a trial date for April 25, 2007. The court subsequently rescheduled the trial date for June 18, 2007, and also entered a pre-trial order for mediation. On May 9, 2007, representatives for appellant and Alcoa met with a mediator. On May 15, 2007, the trial court filed an entry stating in part that counsel had notified the court that "the within cause of action has been settled." The entry further provided for counsel to prepare the appropriate entry for its approval.
 {¶ 7} On June 5, 2007, appellant filed a notice of the parties' failure to reach a settlement; specifically, appellant asserted the parties had met with a mediator (on May 9, 2007) and entered into a memorandum of agreement, but that the parties had not reached an agreement as to certain elements. Also on June 5, 2007, Alcoa filed a motion to enforce settlement, and a motion to dismiss appellant's claims with prejudice. Appellant filed a memorandum contra Alcoa's motion to enforce settlement.
 {¶ 8} On August 24, 2007, the trial court conducted a hearing on Alcoa's motion to enforce settlement. On August 30, 2007, the trial court issued a decision and entry finding that the parties' settlement agreement of May 9, 2007, "is legally enforceable, and that Triplex has breached the settlement agreement." As part of its judgment entry, the court held: "Once Triplex and Mr. Klein sign and deliver the releases and cancellation of warranties in a form acceptable to Alcoa, Alcoa shall then be obligated to deliver full *Page 4 
payment on the settlement to Triplex within a reasonable period of time." The court's decision further noted that, in the event such conditions were not met, "Alcoa need not pay the settlement money and this case can nevertheless be dismissed with prejudice."
 {¶ 9} On appeal, appellant sets forth the following assignment of error for this court's review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE ABUSING ITS DISCRETION BY ENTERING A FINAL JUDGMENT ORDERING PETER M. KLEIN, A NON-PARTY TO THE ACTION TO EXECUTE A PERSONAL RELEASE AND CANCELLATION OF THE WARRANTIES AT ISSUE IN A FORM ACCEPTABLE TO THE APPELLEE.
 {¶ 10} Under its single assignment of error, appellant asserts the trial court abused its discretion by ordering a non-party to a lawsuit to execute a personal release. Specifically, appellant maintains the trial court erred in approving a settlement that required the release of appellant's secretary-treasurer, Peter M. Klein, in his personal capacity.
 {¶ 11} As noted under the facts, the parties met with a mediator on May 9, 2007, regarding a settlement. In attendance at that meeting, in addition to counsel for appellant and Alcoa, was appellant's secretary, Klein. During the meeting, the parties prepared a memorandum of agreement which included initial recital language stating in part: "The parties to this Agreement Triplex Company and Alcoa * * * agree to settle this case * * * on the following terms and conditions." The memorandum of agreement also contained eight "bullet points."
 {¶ 12} At issue in the instant case is the third bullet point of the memorandum, which states: *Page 5 
 In consideration for the payment stated herein Triplex and its agents, including but not limited to Peter Klein, agree to sign a release of all claims made or that could have been made, including a release and cancellation of the warranties at issue in this case, in a form acceptable to Alcoa[.]
 {¶ 13} Counsel for Alcoa subsequently prepared a document titled "RELEASE AND SETTLEMENT AGREEMENT" (hereafter "release and settlement"). The release and settlement included the following language:
 THEREFORE, IN CONSIDERATION of the mutual covenants and agreements herein contained and of the benefits to be delivered therefrom, receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:
 * * *
 In consideration for the promises, covenants and payment provided herein, Triplex and its past and present agents, servants, representatives, employees, officers, directors, attorneys, insurers, parent companies, subsidiaries, successors and assigns, including Peter Klein, DO HEREBY RELEASE, ACQUIT AND FOREVER DISCHARGE Alcoa Building Products, Inc. (n/k/a Alcoa Home Exteriors, Inc.) and its predecessors, past and present agents, servants, employees, representatives, officers, directors, attorneys, insurers, parent companies, subsidiaries, successors and assigns, of and from any and all past, present or future claims, causes of action, damages, including liquidated damages of any kind, injuries, expenses, attorneys' fees, liabilities, in law or in equity, of any nature whatsoever, known or unknown, patent or latent, developed or which may develop in the future, in any way relating to or arising out of the Mastic vinyl siding and related accessories installed on the 6543 and 6631 Buildings as described herein, including all matters claimed or that could have been claimed in the Lawsuit. * * *
 {¶ 14} Appellant and Klein subsequently refused to execute the release and settlement. Instead, appellant proffered changes to the document, including the deletion *Page 6 
of language referencing Klein from the settlement agreement. Alcoa subsequently filed its motion to enforce the settlement agreement.
 {¶ 15} In general, it is within the discretion of the trial court to promote and encourage settlements to prevent litigation. Rulli v. FanCo. (1997), 79 Ohio St.3d 374, 376. A trial court, however, cannot force parties into settlement, and, in order to constitute a valid settlement, "the terms of the agreement must be reasonably certain and clear." Id. Under Ohio law, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Id., at syllabus.
 {¶ 16} In the present case, the trial court held an evidentiary hearing on Alcoa's motion to enforce settlement on August 24, 2007. Two witnesses, Aneca E. Lasley and James A. Readey, testified on behalf of Alcoa. Lasley, an attorney with the firm representing Alcoa, testified that she attended the mediation proceeding between the parties on May 9, 2007. Lasley identified defendant's Exhibit A as a memorandum of agreement representing the terms of a settlement agreement reached at that proceeding, and which she had scribed. According to Lasley, after a settlement was reached, the parties convened in a conference room with counsel and the mediator, and Lasley wrote down the terms which had been negotiated between the attorneys. William H. Dulaney, counsel for appellant, and Ryan D. O'Dell, counsel for Alcoa, executed the memorandum of agreement. As noted above, Klein, appellant's secretary, also attended the mediation conference. *Page 7 
 {¶ 17} Lasley stepped out of the office briefly, and, when she returned, the mediator "gave us what he said was Mr. Klein's final offer of settlement in terms of a dollar figure and informed us that * * * Mr. Klein had in fact left." (Tr. 15-16.) Lasley and counsel for Alcoa contacted their client and obtained Alcoa's acceptance. The final terms were negotiated and the parties convened in the conference room to draft the memorandum of agreement.
 {¶ 18} Lasley testified that bullet point No. 3 in the memorandum of agreement was negotiated between counsel for appellant and Alcoa, and that Dulaney had the opportunity to review the memorandum of agreement and did not object to the language prior to signing the document. Lasley stated "there were specific discussions" that the settlement agreement "include a personal release from Mr. Klein," and she testified that bullet point No. 3 memorialized those discussions to include Klein's personal release. (Tr. 28.) Lasley testified that any settlement "had to include a personal release by Mr. Klein because, essentially, from Alcoa's perspective, it was buying peace of mind. And if it wasn't able to buy an absolute and complete release from anyone that could bring a suit based on this siding that had been installed, that it was purchasing nothing." (Tr. 28.)
 {¶ 19} Readey served as mediator for the parties during the May 9, 2007 proceedings. Readey was present when the memorandum of agreement was prepared, and he reviewed the document. Readey, while invoking the privilege under R.C. 2710.06 of the Uniform Mediation Act, testified that the parties reached a settlement on that date, as reflected in the memorandum of agreement.
 {¶ 20} In the instant case, appellant argues there was no evidence presented at the evidentiary hearing that would indicate Klein's personal release was at issue in the *Page 8 
mediation negotiations. Appellant further asserts the trial court erred by ordering Klein, a non-party, to execute a personal and individual release.
 {¶ 21} At the outset, we disagree with appellant's characterization that the trial court "ordered" Klein to execute a personal and individual release. Contrary to appellant's assertion, the trial court, in its decision granting Alcoa's motion to enforce, specifically stated: "Mr. Klein cannot be forced to sign a release; but, until he does Alcoa need not pay the settlement money and this case can nevertheless be dismissed with prejudice."
 {¶ 22} Based upon the testimony presented at the hearing, the trial court found evidence that "on May 9 both parties intended this settlement to be a complete, global, permanent resolution of all claims * * * relating to the Alcoa siding on the two buildings owned by Triplex." The trial court noted that both counsel for appellant and Alcoa signed the agreement on May 9, 2007, and the court found no evidence that counsel for appellant lacked authority to assist in preparing the memorandum of agreement or in signing the document.
 {¶ 23} The trial court construed the language of the third "bullet point" to be "complete, unambiguous, and enforceable." The court noted that Alcoa had credible business reasons and a "good faith basis" to seek a release by Klein individually, citing in part Klein's deep involvement in the case on behalf of appellant and that, in order to "gain money for itself from Alcoa, Mr. Klein's business Triplex promised, in writing, that Alcoa would receive a release from Klein too." The court held that such request "was covered in plain language" within the memorandum of agreement.
 {¶ 24} Upon review, we find that there was evidence presented at the hearing supporting the trial court's determination that a settlement was completed on May 9, *Page 9 
2007, when counsel for the parties signed the memorandum of agreement. Lasley, the attorney who scribed the agreement, testified that the memorandum of agreement accurately reflected the negotiated agreement reached by the parties on that date. The mediator also testified that the parties reached a settlement on May 9, as reflected in the memorandum of agreement. The record indicates that Klein, a corporate officer, participated in the negotiations May 9, 2007, instructing counsel as to a final settlement figure. As noted by the trial court, while Klein apparently left the office where the mediation was conducted prior to the time appellant's counsel signed the memorandum of agreement, there was no evidence that counsel lacked actual authority to execute the memorandum of agreement. Appellant's contention that there was no evidence Klein's personal release was not at issue during the negotiations is not persuasive in light of the testimony of Lasley, cited above.
 {¶ 25} Appellant's primary argument is that the trial court erred in finding that Klein, as a non-party to the action, could consent to be bound by the terms of the settlement agreement. We disagree. Restatement of the Law, 2d, Judgments (1982), Section 40 provides that: "A person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement." Thus, it has been held that "one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation."Expert Elec, Inc. v. Levine (C.A.2, 1977), 554 F.2d 1227, 1233.
 {¶ 26} The above Restatement principle has been held applicable to settlement agreements and consent decrees. See Tourangeau v. Uniroyal,Inc. (C.A.2, 1996), 101 F.3d 300, 307 (finding non-party bound by settlement agreement it had authorized *Page 10 
predecessor company to negotiate and enter into); Tennessee Assoc. ofHealth Maintenance Organizations, Inc. v. Grier (C.A.6, 2001),262 F.3d 559, 564 ("the relationship of a nonparty to those participating in the litigation can result in the nonparty being bound by the result[s]"). Further, courts have held corporate officers, although technically non-parties to a particular action, nevertheless bound by judgments where such officers had a financial stake in the outcome and actively participated in and had control over the litigation strategy the corporation pursued. Alman v. Danin (C.A.1, 1986), 801 F.2d 1, 10-11;Data Gen. Corp. v. Grumman Data Sys., Corp. (D.C.Mass. 1994),886 F.Supp. 927, 931.
 {¶ 27} In the instant case, the trial court noted Klein's "deep involvement in this case on behalf of Triplex, in which he appeared both as an officer and a prospective trial witness for Triplex," and the fact he was "personally involved in the dispute with Alcoa years earlier." The trial court further noted Klein's "previous ownership of the buildings," and his personal financial interest and "financial harm" at issue in the matter. Bullet point No. 3 of the memorandum of agreement, as well as the testimony presented at the evidentiary hearing, supports the trial court's finding that the parties negotiated and agreed upon Klein's personal release as part of the settlement agreement. The trial court, noting that neither Klein nor appellant's counsel testified at the evidentiary hearing, found no evidence that counsel went beyond the scope of his authority in agreeing that Klein would give Alcoa a release.
 {¶ 28} In light of the evidence presented, including testimony that the parties contemplated the personal release of Klein as part of the settlement, we find no error by the trial court's determination that the settlement was enforceable, and that appellant *Page 11 
"may not persist in contending that Mr. Klein need not give his own release." Accordingly, the trial court did not abuse its discretion in granting Alcoa's motion to enforce settlement.
 {¶ 29} Based upon the foregoing, appellant's single assignment of error is not well-taken and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1